UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-24294-KMM

RAQUEL CAMPS, *in her capacity
as the personal representative of the*
ESTATE OF ALBERTO CAMPS, *et al.*,

    Plaintiffs,

v.

ROBERTO GUILLERMO BRAVO,

    Defendant.
_____/

### AMENDED[1] ORDER ON MOTIONS FOR PERMISSION TO BRING ELECRONIC AND OTHER EQUIPMENT INTO THE COURTHOUSE

THIS CAUSE came before the Court upon Plaintiffs' Motion for Permission to Bring Electronic and Other Equipment into Courtroom (ECF No. 108) and Defendant's Motion for Permission to Bring and Use Electronic and Other Equipment into Courtroom (ECF No. 110). UPON CONSIDERATION of the Motions, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED as follows:

1. Plaintiffs' Motion for Permission to Bring Electronic and Other Equipment into Courtroom (ECF No. 108) is GRANTED IN PART and DENIED IN PART.

    a. Counsel for Plaintiffs, Anita Margot Moss, Esq., Ajay S. Krishnan, Esq., Carmen K. Cheung, Esq., Claret Vargas, Esq., Elzbieta T. Matthews, Esq., Franco Muzzio, Esq., John W. Keker, Esq., and Neha Sabharwal, Esq. are

---

[1] This Amended Order is entered upon Defendant's *ore tenus* request at the June 24, 2022 Calendar Call, *see* (ECF No. 119), to permit Defendant's counsel to bring a monitor and a quiet portable printer into the courthouse.

  permitted to enter the courthouse with the following electronic equipment on June 27, 2022, or if this case is set for trial to begin on a different date, beginning on the newly set trial date, and continuing until the trial of this action is concluded:

    i. Laptop computers, iPads or other electronic tablets, cell phones, PowerPoint Remote Control, External Hard Drives, Apple Watches, wires and cables, power strips, and an easel with paper.

  b. Plaintiffs' counsel are not permitted to enter the courthouse with monitors, video switches, video splitters, extension cords, an Elmo projector, or a table because the Court's equipment should be sufficient. Thus, this request is DENIED WITHOUT PREJUDICE, and Plaintiffs may renew this request at the Calendar Call or at trial, if necessary.

2. Defendant's Motion for Permission to Bring and Use Electronic and Other Equipment into Courtroom (ECF No. 110) is GRANTED IN PART and DENIED IN PART.

  a. Defendant's counsel, Steven W. Davis, Esq.; Roger Slade, Esq.; Neal R. Sonnett, Esq., their paralegal assistant Chanel Pla, Haber Law, P.A. employee Gabriel Lloyd, and Legal-Eze employee Dan Smith (or Keith Brett, Katelyn Pearson, Jonathan Chang, Danny Legra, Jeff Telofski, or Jimmy Barbier) are permitted to enter the courthouse with the following electronic equipment on June 27, 2022, or if this case is set for trial to begin on a different date, beginning on the newly set trial date, and continuing until the trial of this action is concluded:

      i. Cell phones and cell phone chargers, laptop computers (including cables and chargers), HDMI splitters, power strips, external hard drives, iPads or other electronic tablets, Apple watches, a monitor, and a quiet portable printer.

  b. Defendant's counsel, paralegal assistant, office employee, and others employed or acting on their behalf are not permitted to enter the courthouse with "hot spots and/or independent internet connection device[s]," extension cords, tables, and an Elmo projector. Thus, this request is DENIED WITHOUT PREJUDICE, and Defendant may renew this request at the Calendar Call or at trial, if necessary.

  c. Defendant Roberto Guillermo Bravo may not enter the courthouse with any electronic devices. This request is DENIED WITH PREJUDICE.

3. To the extent any Party would like to familiarize themselves with the Court's equipment, they may schedule an appointment to do so by contacting the undersigned's Chambers.

DONE AND ORDERED in Chambers at Miami, Florida, this 24th day of June, 2022.

*K. M. Moore*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c:    All counsel of record
      United States Marshals Service